**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **CUMBERLAND CROSSING LLC, doing business as Cumberland Crossing Apartments,**<br>**Plaintiff,**<br>**v.**<br>**MARSHA ROBINSON,**<br>**Defendant.** | **1:17-cv-3012-WSD** |

**OPINION AND ORDER**

This matter is before the Court on Defendant Marsha Robinson's ("Defendant") Objections [5] to Magistrate Judge Russell G. Vineyard's Report and Recommendation [2] ("R&R"). The Magistrate Judge recommends that this action be remanded to the Magistrate Court of Cobb County, Georgia.

## I. BACKGROUND

On July 19, 2017, Plaintiff Cumberland Crossing LLC, doing business as Cumberland Crossing Apartments ("Plaintiff"), initiated a dispossessory proceeding against Defendant in the Magistrate Court of Cobb County, Georgia.[1] The Complaint seeks possession of premises currently occupied by Defendant.

---

[1] No. 17-E-10712. See https://courtconnect.cobbcounty.org:4443/ccmag/ck_public_qry_main.cp_main_idx.

On August 10, 2017, Defendant, proceeding *pro se*, removed the Cobb County Action to this Court by filing a Petition for Removal and an application to proceed *in forma pauperis* ("IFP") [1]. Defendant appears to assert that there is federal subject matter jurisdiction because there is a question of federal law in this action. Defendant claims that Plaintiff violated "15 USC 1692 [sic]" and Rule 60 of the Federal Rules of Civil Procedure, "having a legal duty to abort eviction pursuant to O.C.G.A. § 51-1-6," and violated the Due Process "Clauses" of the Fourteenth Amendment. (Pet. for Removal [3] at 2).

On August 14, 2017, Magistrate Judge Vineyard granted Defendant's IFP Application. ([2]). The Magistrate Judge then considered, *sua sponte,* whether there is federal subject matter jurisdiction over the action removed. The Magistrate Judge found that federal subject matter jurisdiction was not present and recommended that the Court remand the case to the Magistrate Court of Cobb County. The Magistrate Judge found that the Complaint filed in Magistrate Court asserts a state court dispossessory action and does not allege federal law claims. Because a federal law defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter. Although not alleged in the Notice of Removal, the Magistrate Judge also considered whether the Court has subject-matter jurisdiction

based on diversity of citizenship. The Magistrate Judge found that Defendant failed to allege any facts to show that the parties' citizenship is completely diverse, or that the amount in controversy exceeds $75,000. The Magistrate Judge concluded that the Court does not have diversity jurisdiction over this matter and that this case is required to be remanded to the state court.

On August 29, 2017, Defendant filed her Objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

B. Analysis

In her Objections, Defendant asserts that Plaintiff "did violate 28 USC 1367 [sic]" and "28 USC 1446(D) [sic]" "and having a legal duty to abort eviction pursuant to O.C.G.A. 51-1-6 [sic]." (Objs. at 2-3). Plaintiff's Complaint is a dispossessory action which is based solely on state law. See O.C.G.A. § 44-7-50; Steed v. Fed. Nat'l Mortg. Corp., 689 S.E.2d 843 (Ga. Ct. App. 2009) (when former owner of real property remains in possession after foreclosure sale, she becomes "tenant at sufferace," and thus landlord-tenant relationship exists and dispossessory procedure in O.C.G.A. § 44-7-50 applies). No federal question is presented on the face of Plaintiff's Complaint. That Defendant asserts defenses or counterclaims based on federal law cannot confer federal subject-matter jurisdiction over this action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002); Caterpiller Inc. v. Williams, 482 U.S. 386, 392-93 (1987) ("The presence of a federal defense does not make the case removable . . . ."). Defendant fails to show that the Court has federal question jurisdiction over this action and her objection is overruled.

Defendant did not object to the Magistrate Judge's conclusion that the Court lacks diversity jurisdiction over this action. The record does not show that

Plaintiff and Defendant are citizens of different states, and, even if they are, there is no evidence to support that the amount in controversy exceeds the statutory threshold of $75,000. See 28 U.S.C. § 1332(a); Carter v. Butts Cty., 821 F.3d 1310, 1322 (11th Cir. 2006) (quoting Steed v. Fed. Nat'l Mortg. Corp., 689 S.E.2d 843, 848 (Ga. Ct. App. 2009)) ("[U]nder Georgia law, '[w]here former owners of real property remain in possession after a foreclosure sale, they become tenants at sufferance,'" and are thus subject to a dispossessory proceeding under O.C.G.A. § 44-7-50, which "provide[s] the exclusive method by which a landlord may evict the tenant"); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to the Magistrate Court of Cobb County. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Marsha Robinson's Objections [5] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Russell G. Vineyard's Report and Recommendation [2] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Cobb County, Georgia.

**SO ORDERED** this 2nd day of October, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE